## No. 1432.—A. GLENN, *v.* THOMPSON & BARNES.

A held B's note; B sold a bill of goods to C, who represented himself as the agent of A, and promised that the amount of the bill should be credited on the note. A brought suit on the note, and B pleaded the account as an offset against the note. The evidence did not show that C was the agent of B, nor that A received the goods or ratified the purchase. Held that—the account could not be pleaded as an offset, or payment *pro tanto* of the note. Where the appeal is purely frivolous, damages will be awarded the appellee as in case of a frivolous appeal.

APPEAL from the Fourth District Court of New Orleans, *Theard,* J. *Charles E. Fenner,* for plaintiff and appellee. *Edward W. Huntington,* for defendants and appellants.

WYLY, J.   This action is based upon two promissory notes by defendants.   The defense is a general denial, that plaintiff is not the owner of the notes sued on, and that defendants have paid $1,310 73 on these notes.   On the trial, defendants offered an account for $181 for goods sold the plaintiff as an offset, which was allowed without objection; they also offered an account of $277 64 for goods sold Dr. J. W. Glenn as agent of A. Glenn, as an offset; there was judgment in favor of plaintiff for the amount claimed, subject to a credit of $181; and the defendants have appealed.

Defendants claim in this court that the account of $277 64 for goods sold by them to Dr. J. W. Glenn as agent of plaintiff should be allowed as an offset or credit.   There is no other defense set up.

The only proof in support of this account is the evidence of Edward Thompson (one of the defendants), who says that Dr. J. W. Glenn, representing himself as agent of A. Glenn, purchased from the defendants the goods stated in the bill, "agreeing that the amount of said bill of goods should be credited on the notes sued on, on which express agreement the goods were sold to him."

It was not alleged or proved that Dr. J. W. Glenn was the agent of the plaintiff, A. Glenn, in making said purchase, or that A. Glenn ever received said goods or knew anything of their purchase.

We think the District Judge very properly refused to allow this account of $277 64 as a credit, and that the appeal in this case is purely frivolous. Plaintiff has claimed damages for this frivolous appeal and we think they should be awarded him. It is therefore ordered and decreed that the judgment appealed from be affirmed with costs, and that plaintiff recover of defendants one hundred dollars damages for frivolous appeal.